CHARLES DOWDELL v. JOE McBRIDE.

No. 710. Decided November 3, 1898.

**Constitution—Practice of Medicine—Board of Examiners—Preferring Schools.**

Article 16, section 31, of the Constitution prohibits preference being given to any school of medicine in laws prescribing the qualifications of practitioners and punishing malpractice, but no further; it does not invalidate that portion of article 3778, Revised Statutes, requiring boards of medical examiners to be graduates of some college recognized by the "American Medical Association," though that association refuses to recognize certain schools.

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Third District, in an appeal from Robertson County.

*W. H. Brown* and *Simmons & Crawford,* for appellant.

*T. N. Graham,* for appellee.

DENMAN, ASSOCIATE JUSTICE.—In this cause the Court of Civil Appeals have certified to this court the question whether article 3778, Revised Statutes, which reads as follows, "Said board of medical examiners shall be composed of not less than three practicing physicians of known ability and who are graduates of some medical college recognized by the American Medical Association, and who are residents of the district for which they are appointed," is in violation of article 16, section 31, of the Constitution of Texas, which reads as follows: "The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State, and to punish persons for malpractice, but no preference shall ever be given by law to any schools of medicine," it being established as a fact on the trial that the "American Medical Association" is composed exclusively of graduates of the school of allopathy, and does not recognize any other school of medicine.

The first portion of the constitutional provision above quoted confers upon the Legislature general power to pass laws (1) prescribing the qualifications of practitioners, and (2) to punish persons for malpractice. Continuing the same sentence, the latter part of the provision subtracts from such otherwise general power—the word "but" being used in the sense of "except"—by prohibiting the Legislature *in such laws* from inserting any provision making a distinction in such *qualifications* or *punishment* on account of the "school of medicine" to which any of such "practitioners" or "persons" may happen to belong. The first portion dealing solely with *"qualifications of practitioners"* and *"punishment,"* and there being nothing in the context to indicate that the latter portion was intended to embrace any wider range of subjects, we must give it the effect, indicated by its situation and close connection with what precedes, of being merely a limitation upon the previous general power of prescribing "qualifications of practitioners" and "punishments." Therefore it should not be construed as intending to control the Legislature in the entirely different matter of prescribing the qualifications of members of the "board of medical examiners" provided for in article 3778 above quoted.

Soon after the adoption of the Constitution in 1876, the Legislature, in enacting the law of which said article is a part, so construed the constitutional provision, and it is the duty of the courts to so far defer such construction as to hold the act constitutional unless it be clearly not. To show that the Legislature so construed and did not intend to violate said constitutional provision, it clearly, in the light of the evidence in this case showing that only allopaths can become members of said "board of medical examiners," intended by said article 3778 to give a preference by law to that school in the organization of such boards, but did not give such preference in prescribing the "qualifications of practitioners," for it also provided in article 3784 that "it shall be the duty of said board to examine thoroughly all applicants for certificates of qualification to practice medicine in any of its branches or departments, whether such applicants are furnished with medical di-

plomas or not, upon the following named subjects, to wit: anatomy, physiology, pathological anatomy and pathology, surgery, obstetrics, and chemistry; but no preference shall be given to any school of medicine." We understand the Court of Civil Appeals in passing upon this question in this cause, prior to certifying the same, to have expressed substantially the same view of the intention of the above provision. We answer that article 3778 is not in violation of said constitutional provision.