## ABNEY v. FOX et al.   (No. 6621.)*

(Court of Civil Appeals of Texas. Austin. Feb. 7, 1923. Dissenting Opinion Feb. 12, 1923. Rehearing Denied March 21, 1923.)

Constitutional law ⬅211—Monopolies .⬅10 —Schools and school districts ⬅158(1) — Action of school board in requiring vaccination by scarification and injection of cowpox not in violation of constitution or statute.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 838, 839, 2853, 4553a (28), a school board

may require pupils to be vaccinated against smallpox as a prerequisite to attendance at school, and its action in requiring that such vaccination be by scarification and injection of cowpox rather than by taking medicine internally is neither arbitrary, unreasonable, nor in violation of Const. art. 1, § 3, guaranteeing equal rights to all, nor article 1, § 26, against monopolies, as discriminating against the homeopathic school of medicine, article 16, § 31, or Rev. St. art. 5742, though the internal method may be as effective as that prescribed.

Jenkins, J., dissenting.

Appeal from District Court, Lampasas County; M. B. Blair, Judge.

Suit by C. C. Abney against W. J. Fox and others, as members of the School Board of Lampasas Independent School District. From judgment dissolving a temporary injunction, plaintiff appeals. Affirmed.

W. B. Abney, Abney & Abney, all of Lampasas, and Rogan & Mendell, of Austin, for appellant.

Roy L. Walker, of Lampasas, and Brooks, Hart & Woodward, of Austin, for appellees.

KEY, C. J. The nature and result of this suit are sufficiently indicated by the trial court's findings of facts and conclusions of law, which are as follows:

"Upon a hearing of a motion to dissolve a temporary injunction heretofore issued out of this court, the following proceedings were had:

"The court adopts the statement of facts filed herein as to its finding of facts in this case; however, a brief statement of the salient facts for the purpose of getting at the points of law involved are briefly stated below.

"Plaintiff was a resident of Lampasas independent school district, and had been for many years prior to the time of his application for writ of injunction. His daughter, Margaret Abney, was a scholastic of the Lampasas independent school district, and was entitled to attend said public school. Some few days before the injunction was prayed for, a case of smallpox within the school district developed; the patient having, up until about the time of the development of smallpox, attended the Lampasas school. There was also another case of smallpox within about two miles of the school, and within the school district at the time.

"Upon the advice of the county health officer, the school board passed a resolution requiring all scholastics to be vaccinated against smallpox by the means of scarification, and the use of the vaccine virus of the cowpox, that being the only method they knew at that time. At the time appointed for scholastics to present vaccination certificates, plaintiff's daughter presented a certificate from a homeopathic doctor, stating that he was immunizing the scholastic from the disease of smallpox, which certificate was refused by the school board, on the grounds that it did not comply with the vaccination certificate required by the state

board of health and all state schools. A few days later, the same physician issued a certificate in compliance with the regulations prescribed by the state board of health, and on the form used by the educational institutions of Texas.

"This was refused by the board on the advice of their county health officer as not being a vaccination as shown from the record in the case. There is some testimony as to whether or not the homeopathic internal method of vaccination is effective, but so far as this case is concerned, the court will assume that both the internal homeopathic process of vaccination and the vaccination by scarification are effective; the scarification method being the one most generally used, and being the one relied upon by the great majority of scholastics required to be vaccinated, and being the one most generally known as effective.

"The above being a brief finding of the facts in addition to the statement of facts filed herein, the court is of the opinion that the same presents three questions of law for consideration, which are as follows:

"First. Is it within the power of a school board of an independent district to require a uniform vaccination of all scholastics of such independent district, assuming that there are more methods of vaccination than the one by scarification?

"Second. Is a resolution of the school board, requiring scholastics to be vaccinated against smallpox by the use of the scarification method of inoculation of the vaccine virus beneath the skin, an unjust discrimination against any school of medicine as prohibited by the Constitution and laws of this state?

"Third. Assuming that there are two methods of vaccination against smallpox, one by internal treatment by the use of vaccinium and one by scarification by the use of the vaccine virus of cowpox, inoculated beneath the skin, is it an unjust discrimination against a scholastic of an independent school district, for the school board to require vaccination by the scarification method against the wishes of the parents of the scholastic who prefer the internal method of vaccination?

"Conclusions of Law.

"1. Under the police power given by the state to school boards in the matters of public health, it is within the police power of the school board of an independent school district to require a uniform vaccination of all scholastics having the right to attend said school. An act of the school board requiring vaccination by scarification, being the method most generally known to the public, and most generally used by the public, is within their power in the effort to protect the health of the scholastic attending school by a uniform and recognized method of prevention.

"2. A resolution by a school board of an independent school district, requiring vaccination by scarification against smallpox is not an unjust discrimination against any school of medicine under the Constitution and laws of this state for the reason that both the homeopathic and allopathic schools of medicine recognize and practice vaccination by scarification.

"It is not an unjust discrimination on the part of the school board against any school of medicine to require vaccination by scarification where it is shown that all schools of medicine vaccinate by that method.

"3. It is not an unjust discrimination against a scholastic for a school board of an independent school district to require of such scholastic vaccination by scarification against smallpox, before attending the public schools. Although assuming that there are two methods of vaccination, and that one method is more severe in its administration than the other, it is not unreasonable for a school board to require of a scholastic the method most generally used and accepted by the public as being the proper method of vaccination for the reason that the public generally, having accepted one method, are disturbed if a few scholastics should attend who have not been vaccinated by the most uniform method. Under the above findings of fact, the court based its conclusions of law and dissolved the temporary injunction heretofore issued out of this court."

C. C. Abney, the plaintiff in the case, has appealed, and the majority of this court has reached the conclusion that the judgment should be affirmed; Mr. Justice JENKINS dissenting. Mr. Justice BLAIR, the other member of the court, pursuing the practice which has heretofore prevailed in this court, has refrained from participation in the decision by this court of any case which was tried by him while district judge; but, as a matter of fact, all the members of this court are of the opinion that when a judge of a district or county court becomes a member of a Court of Civil Appeals, he is not disqualified from participating in the decision of a case, by reason of the fact that he was the judge who tried it in the court below. We think that question is settled by the decision of our Supreme Court in the case of Investment Co. v. Grymes, 94 Tex. 609, 63 S. W. 860, 64 S. W. 778. With this explanation, we now proceed with the case.

Opinion.

Counsel for appellant present the case in this court upon the following propositions of law:

"(1) It appearing from the evidence and the findings of fact by the court that there are two effective processes of vaccination as a preventive of smallpox, it is not within the power of a school board to require all pupils to be vaccinated by one process only, as a prerequisite to admission in said school.

"(2) It appearing from the evidence and findings of fact by the court that physicians of the homeopathic school of medicine generally give an internal treatment as a vaccination to protect against smallpox, and that the allopathic school of medicine vaccinate by scarification of some part of the body and applying the virus to the scarified portion of the body, and that each of said processes is effective, it would be an unjust discrimination by the school board against the homeopathic school of medicine to recognize only the scarification or allopathic

process as sufficient to admit pupils into the school.

"(3) It is an unreasonable arbitrary regulation and an unjust discrimination against the plaintiff for the school board to require a vaccination by scarification as a prerequisite to admitting plaintiff's daughter into the school where it appears from the evidence and findings of fact by the court that the plaintiff's daughter had been vaccinated by the internal homeopathic process which was found to be an effective process and the one selected by plaintiff.

"(4) The action of the defendants in refusing to admit plaintiff's daughter into school, except she be vaccinated by scarification of her body and applying cowpox virus to the scarified portion of her body, was in violation of article 1, § 3, of the Constitution of Texas, guaranteeing equal rights to all men, and in violation of article 1, § 26, against monopolies, because it appears from the evidence and facts found by the court that there was another and different process of vaccination generally used by the homeopathic school of medicine, which had been administered to plaintiff's daughter by a duly licensed physician of the homeopathic school."

In response to appellant's contentions, counsel for appellees submit the following counter propositions:

"(1) The evidence and finding of fact by the court showing that there was smallpox in the city of Lampasas and in the Lampasas school district, and danger of an epidemic of smallpox in said school district, and the school board of said district having by proper resolution provided that all children entering the public schools in said district should be successfully vaccinated, the term 'vaccination' having a well-defined meaning in law and in the minds of the public in general, to wit, the inoculation or applying of the virus of cowpox to a scarified portion of the body, appellant's daughter having failed to comply with said ruling or order of the school board and furnish a certificate showing that she had been successfully vaccinated as that term implies, the school board was acting within the scope of its authority in refusing to admit her to said school, and the court did not err in dissolving the temporary injunction.

"(2) It appearing from the evidence and finding of the court that there was danger of an epidemic of smallpox in said school district; said board having by proper resolution provided for all school children to be successfully vaccinated; the evidence and findings of the court further establishing the fact that vaccination by scarification was the only method known to the school board, and the method most generally known and used and accepted by the public, and accepted and practiced by all schools of medicine—the school board was acting within the scope of its authority in requiring all children to be vaccinated by scarification, thereby adopting a uniform method; and appellant having failed to comply with said uniform regulation, the board was justified in excluding the daughter of appellant from the schools, the court did not err in dissolving said temporary injunction.

"(3) It appearing from the evidence and findings of the court that all schools, especially the homeopathic and allopathic schools of medicine, recognize and practice vaccination by scarification, the school board was acting within the scope of its authority and was not discriminating against any school of medicine in adopting a uniform means of vaccination that was recognized by all schools, and the court did not err in dissolving said temporary injunction.

"(4) It being within the power of the school board of a school district to require uniform vaccination of all school children of such district before attending said schools, the school board was not acting in an unreasonable and unwarranted manner or unjustly discriminating against appellant's daughter, in requiring that she be vaccinated by scarification, such method being the one most generally known and used and the only method accepted by all schools of medicine, the right of providing rules and regulations and the method of exercising them in reference to exercising the privilege of attending the public schools being in the power of the school board, the court did not err in dissolving said injunction.

"(5) It appearing from the evidence and the findings of the court that the school board adopted the method of vaccination used by all schools of medicine, their action in refusing plaintiff the right to make a choice in the means of vaccination he would use was not violative of article 16, § 31, Constitution of Texas, or article 5742, R. C. S. of Texas, the board having selected the only method of vaccination known and used by all schools of medicine, the court did not err in dissolving said temporary injunction.

"(6) Under the police power given by the state to the school board, it is within its power to require a uniform vaccination of all children attending the public schools, and acting under that power the school board having adopted a uniform means of vaccination, the only method accepted and used by all schools of medicine, and requiring all classes to comply with that rule, did not violate article 1, § 3, of the Constitution, or article 1, § 26, of said Constitution, and the court did not err in dissolving said temporary injunction."

We concur in the contentions urged by counsel for appellees, and copy from their brief the following authorities which tend to support their contentions:

"On the right to require vaccination: Arts. 4553a (28), 2853, 838 and 839, Vernon's Sayles' Civil Statutes; Zucht v. King (Tex. Civ. App.) 225 S. W. 267; New Braunfels v. Waldschmidt, 109 Tex. 302, 207 S. W. 303; Auten v. School Board, 83 Ark. 431, 104 S. W. 130; Hutchins v. School Committee, 137 N. C. 68, 49 S. E. 46, 2 Ann. Cas. 340; State v. Board of Education, 76 Ohio St. 297, 81 N. E. 568, 10 Ann. Cas. 879.

"On the meaning of the term vaccination and right to specify or select method: Jacobson v. Mass. 197 U. S. 11, 25 Sup. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765; Lee v. Marsh, 230 Pa. 351, 79 Atl. 564; Stull v. Reber, 215 Pa. 156, 64 Atl. 419, 7 Ann. Cas. 415; Viemeister v. White, 179 N. Y. 235, 72 N. E. 97, 70 L. R. A. 796, 103 Am. St. Rep. 859, 1 Ann. Cas. 334; McSween v. School Board, 60 Tex. Civ. App.

270, 129 S. W. 206; Zucht v. San Antonio (Tex. Civ. App.) 170 S. W. 840; Dowdell v. McBride, 92 Tex. 239, 47 S. W. 524; Duffield v. Williamsport, etc., Dist., 162 Pa. 476, 29 Atl. 742, 25 L. R. A. 152; Field v. Robinson, 198 Pa. 638, 48 Atl. 873; Abeel v. Clark, 84 Cal. 226, 24 Pac. 383; French v. Davidson, 143 Cal. 658, 77 Pac. 663; Bissell v. Davison, 65 Conn. 183, 32 Atl. 348, 29 L. R. A. 251; Blue v. Beach, 155 Ind. 121, 56 N. E. 89, 50 L. R. A. 64, 80 Am. St. Rep. 195; State, etc., v. Zimmermann, 86 Minn. 353, 90 N. W. 783, 58 L. R. A. 78, 91 Am. St. Rep. 351; Morris v. Columbus, 102 Ga. 792, 30 S. E. 850, 42 L. R. A. 175, 66 Am. St. Rep. 243; State v. Hay, 126 N. C. 999, 35 S. E. 459, 49 L. R. A. 588, 78 Am. St. Rep. 691; Ruling Case Law, vol. 12, §§ 27 and 28 and notes, p. 1288."

In Zucht v. King (Tex. Civ. App.) 225 S. W. 267, the court says:

"The appellant has no peculiar right or property right to attend a public school or private school different from others similarly situated, in defiance of the rules so established for the protection of the school children themselves, and for society in general, without meeting the prescribed regulation for vaccination."

In Hanzal v. San Antonio (Tex. Civ. App.) 221 S. W. 237, the court uses this language:

"Health regulations being of such vital importance to any community, must, if reasonable and impartial, be submitted to by individuals for the public good and general welfare. * * * 'Persons and property are subjected to all kinds of restraints and burdens, in order to secure the general comfort, health and prosperity of the state.'"

In Jacobson v. Mass, 197 U. S. 11, 25 Sup. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765, which is approved in the case of City of New Braunfels v. Waldschmidt, 109 Tex. 302, 207 S. W. 303, the Supreme Court of the United States had before it a case which involved substantially the same fundamental question involved in this case, and the court said:

"There are manifold restraints to which every person is necessarily subject for the common good. * * * This court has more than once recognized it as a fundamental principle that 'persons and property are subjected to all kinds of restraints and burdens, in order to secure the general comfort, health, and prosperity of the state.' * * * If we are to attach any value whatever to the knowledge which, it is safe to affirm, is common to all civilized peoples touching smallpox and the methods most usually employed to eradicate that disease, it cannot be adjudged that the present regulation of the board of health was not necessary to protect the public health. * * * It is no part of the function of a court or jury to determine which one of two modes was likely to be the most effective for the protection of the public against disease. * * * The state Legislature proceeded upon the theory which recognized vaccination as at least an effective if not the best known way in which to meet and suppress the evils of a smallpox epidemic. * * *

Since then vaccination, as a means of protecting a community against smallpox, finds strong support in the experience of this and other countries, no court, much less a jury, is justified in disregarding the action of the Legislature simply because in its or their opinion that particular method was—perhaps or possibly—not the best either for children or adults."

In discussing the general principles of health laws, Ruling Case Law, recognized as very high authority, says:

"The question whether the vaccination of children may be required as a condition precedent to their right to attend schools, has been much discussed by the courts. The authorities are not entirely uniform on the subject, but as a rule such requirements have been sustained. Again, statutes authorizing boards of education, or the health authorities, to require vaccination as a prerequisite to attendance upon the public schools, have been almost uniformly upheld and sustained by the courts, as a reasonable and proper exercise of the police power. Furthermore, the power of local boards of health or education to refuse admission of unvaccinated children to public schools during an existing or apprehended epidemic of smallpox seems to be settled; though where not so authorized by statute their power in the premises has been denied in the absence of the actual existence of smallpox in the community or its reasonable probability, and the occasional recurrence of smallpox in a city has been held not to present an emergency for which the health authorities may make and enforce rules not prescribed or approved by the legislative authority of the city. Generally express power to require the vaccination of school children is not necessary, but may be implied from discretionary power to take all proper measures to safeguard the public health." 12 Ruling Case Law, 1288.

That an order requiring vaccination is not in violation of the Constitution is settled by our Supreme Court in Dowdell v. McBride, 92 Tex. 239, 47 S. W. 524. We also desire to call special attention to the case of Lee v. Marsh, 230 Pa. 351, 79 Atl. 564, which was quite similar to the instant case, and in which it was said:

"As a fact of which judicial notice is taken, since the discovery of vaccination by Dr. Jenner, the method as generally recognized by a great majority of definitions, descriptions, and medical authorities of all the dominating schools of medicine is by applying the virus to a scarified portion of the body."

That court specifically held that the term "vaccination" means an inoculation with the virus of cowpox, and that the homeopathic treatment was not a vaccination, as that term is meant and generally understood by the public.

The majority of this court are of the opinion that the doctrine announced in the authorities quoted from and others cited justifies the holding that in the case at bar

the school trustees had the right which they exercised, to prescribe vaccination as a prerequisite to attendance upon the school; and that the term "vaccination," as used and intended by that body, meant scarification and the injection of cowpox into the human system, and did not include the taking of medicine internally, or any other mode of prevention of smallpox. Taking medicine internally, whatever may be the result, is not vaccination as prescribed by the school board; and therefore, if it be conceded (a question upon which the testimony was in conflict) that medicine may be given internally which will render the person immune from smallpox as effectively as vaccination by scarification, still we hold that the school board had the authority to prescribe the latter method for the prevention of smallpox; and that its action in so doing was neither arbitrary nor unreasonable. In fact, the undisputed proof, coming from both sides and given by physicians belonging to both the regular and homeopathic schools of medicine, shows that vaccination by scarification is used by all the schools of medicine. This being true, and it appearing from the testimony that in this case the school board in rejecting the certificate of vaccination presented on behalf of appellant's child acted upon the advice of the county health officer, it is difficult to see why their action was either arbitrary or unreasonable.

All the questions presented in appellant's brief have been considered, and are decided against him; and as no error is shown, the judgment is affirmed.

Affirmed.

JENKINS, J. (dissenting). The facts in this case, as found by the court and established by the evidence, are:

(1) The school board passed a resolution, requiring successful vaccination as a prerequisite to attendance on school. That if a child had been vaccinated, it should furnish a certificate to that effect.

(2) The appellant, the father of Margaret Abney, on May 6, 1922, presented to the school board the following certificate:

"Austin, Tex., May 5, 1922.

"To Whom It May Concern: This is to certify that Margaret Abney has been successfully vaccinated by me within the last five years.

"[Signed]  F. L. Griffith, M. D."

(3) This certificate is in the form of certificates furnished by the board and accepted from other scholastics.

(4) F. L. Griffith is a reputable practicing physician, of the homeopathic school, licensed under the laws of the state.

(5) Dr. Griffith had given Margaret Abney the internal treatment practiced by the homeopathic school of medicine, for immunizing against smallpox, but had not otherwise vaccinated her.

(6) Margaret was refused admittance to the school, for the reason that she had not been vaccinated by scarification, and her father refused to permit her to be thus vaccinated.

(7) The homeopathic treatment administered to Margaret is equally as effective as a preventative of smallpox as is vaccination by scarification.

I concede, as a matter of law, that though there is no statute in this state requiring scholastics to be vaccinated in any manner, as a prerequisite to attending school, the school board, under its general power of control, had the right, under the circumstances then existing in Lampasas, to require scholastics to be vaccinated by scarification, *where the same was reasonably necessary in order to protect the public health.*

I have read not all but most of the numerous cases cited in the majority opinion and in brief of appellee. None of them that I have examined go further as to the implied power of a school board to require vaccination of any character than is conceded in the foregoing statement.

In the cases cited, the resolutions of school boards and of city councils requiring vaccination were attacked upon the grounds: (a) In the absence of an express statute, there was no such implied authority; (b) no epidemic existed or was imminent; (c) such requirement was unconstitutional, in that it amounted to a deprivation of liberty or of property rights, or of both without due process of law; (d) that it was an interference with religious freedom.

I make neither of these contentions. I base my dissent upon this legal proposition:

No school board or city or town council, under its general authority to protect the public health, has the implied authority to require anyone to be vaccinated in any manner, unless the same appears to be reasonably necessary to prevent such person from taking the smallpox, and thereby communicate it to others.

In other words, *necessity* is the source of the authority to require vaccination, and no such authority exists where it is conceded that no such necessity exists.

This proposition is recognized in the cases cited in the majority opinion, in so far as reference is made therein to this legal principle. Thus:

In Zucht v. King, supra, it was said that the doing of a particular thing could not be enforced, "unless it was such a regulation thereon as to promote the general health, *prevent the spread of disease,* and for the good of society." 225 S. W. page 271. Again: "The test is: Is it a *reasonable* regulation such as can be enforced as a *preventative* at all times in advance of an epidemic?" Page 272.

In New Braunfels v. Waldschmidt, supra, the ordinance requiring vaccination was up-

held on the ground that the police power could be rightfully exercised "to establish all regulations that are *reasonably necessary to secure the health*."

In Hanzal v. San Antonio, supra, the court said:

"Health regulations being of such vital importance to any community, must, if *reasonable and impartial*, be submitted to by individuals *for the public good*."

In 12 R. C. L. p. 1288, supra, it is said that—

"The power to require the vaccination of school children máy be implied from the discretionary power to take all *proper* measures to safeguard the public health."

In Auten v. School Board, supra, it was said:

"Courts have no right to interfere and control their discretion, *unless* it is clearly shown that the regulation was unreasonable and *unnecessary*."

In Jacobson v. Mass, supra, a statute authorizing vaccination was attacked on the ground that the same was in violation of the Constitution of the United States. It was upheld on the ground that vaccination was *necessary for the protection of the public health* of the citizens of Cambridge, where smallpox was epidemic. The court, however, said:

"An acknowledged power of a local community to protect itself against an epidemic threatening the safety of all might be exercised in particular circumstances and in reference to particular persons in such an arbitrary, unreasonable manner, or might go so far beyond what was *reasonably required for the safety* of the public, as to authorize or compel the courts to interfere for the protection of such persons." 197 U. S. 28, 25 Sup. Ct. 362, 49 L. Ed. 650, 3 Ann. Cas. 765.

All of the foregoing excerpts are from authorities cited in the majority opinion. (Italics mine.)

In Rumbo v. Winterrowd (Tex. Civ. App.) 228 S. W. 258, 262, the court, in discussing the police power, quoted with approval from Lochner v. New York, 198 U. S. 56, 25 Sup. Ct. 539, 49 L. Ed. 941, 3 Ann. Cas. 1133, as follows:

"It must, of course, be conceded that there is a limit to the valid exercise of the police power by the state. There is no dispute concerning this general proposition. * * * In every case that comes before this court, therefore, where legislation of this character is concerned, and where the protection of the federal Constitution is sought, the question necessarily arises: Is this a fair, reasonable, and appropriate exercise of the police power of the state, or is it an unreasonable, unnecessary, and arbitrary interference with the right of the individual to his personal liberty," etc.

The authorities herein cited establish the proposition hereinbefore set out, upon which I base my dissent. I know of no case or text-book which announces a contrary doctrine.

The purpose of vaccination is to render the subject immune from the smallpox. Smallpox is a contagious disease. Therefore, for the protection of the public health, school boards may require those in attendance on public schools to be immunized by vaccination, *if such person is not already immune* from the disease. Suppose a student had had the smallpox in virulent form within a few months previous, would it be contended that a school board could require such person to be vaccinated, or otherwise be excluded from school? Certainly not. And why not? Because the requirement would not, for the protection of the public health, be necessary. In the instant case, the school board required Margaret Abney to be vaccinated by scarification. This it might have done if the same was necessary to render her immune from smallpox. The court found that she was already immune, and hence no such necessity existed. This is true whether the homeopathic practice of administering *vaccinium* through the mouth is or is not vaccination.

The school board did not think that the internal method practiced by homeopathic physicians is vaccination. The homeopathic physicians who testified in this case call such treatment vaccination. It appears from the evidence herein that the Texas University and the public schools in Austin recognize such treatment as a compliance with the law requiring vaccination.

The majority opinion herein states that in Lee v. Marsh, 230 Pa. 351, 79 Atl. 564, the Supreme Court of Pennsylvania "specifically held that the term 'vaccination' means an inoculation with the virus of cowpox, and that the homeopathic treatment was not a vaccination, as that term is meant and generally understood." It is but fair to that court to call attention to the fact that it was construing the meaning of the word "vaccination" as used in a statute of that state, and which, under the method prescribed by the state board of health by virtue of a statute which authorized them so to do, could mean nothing but inoculation by scarification. The construction of the statute by the court in that case was doubtless correct. In that case the Legislature had exercised its police power to require a certain thing to be done in a certain manner. The rules of the state board of health required a certificate in a certain form. The complainant did not furnish such certificate, claiming that the authority given by the act of 1905 to the health department to fix forms of certificates "is a delegation of legislative power." The court said:

"The requiring of that form [of certificate] is really what is complained of in this case." 230 Pa. 358, 79 Atl. 566.

However, if it be conceded that the effect of that decision is to hold that the Legislature may, in the exercise of its inherent police power, have the power to prescribe a certain form of vaccination, to the exclusion of another form equally as effective, that is quite a different question of the right of a school board or municipal council to do so under its implied power to protect the public. Such a body has no authority other than that expressly granted by the Legislature, or implied as reasonably necessary to the proper exercise of such granted power. See authorities cited in Waldschmidt v. New Braunfels (Tex. Civ. App.) 193 S. W. 1078, 1079.

The resolution of the school board divided the scholastics into two classes; one of which had been recently vaccinated by scarification, the other had not. The former class was permitted to attend school; the latter was not. This, in so far as it pertained to Margaret Abney, was an arbitrary and unnecessary classification, and was void. In classifying the scholastics with reference to their privilege to attend school, the sole purpose of such classification being to avoid the spread of smallpox, the only reasonable classification that could have been made was as to those who were immune from smallpox and those who were not, regardless of how they became immune. Margaret Abney being immune should have been placed in the class permitted to attend school.

Regardless of what was in the minds of the members of the school board when they passed the resolution here under discussion, it ought to be construed as not excluding any one from school who was immune from smallpox, on the principle that where an act or ordinance will admit of two constructions, one of which will render it legal and the other illegal, the former should be adopted. If we construe the resolution as not intending to include with those who were not permitted to attend school such as were immune from smallpox, the resolution was legal, and as so construed did not exclude Margaret Abney.

The Supreme Court of the United States, in Jacobson v. Mass, was very careful to place proper limitations on the police power, though it was there construing an act of the Legislature, and not the implied power of a school board. After stating a case in which vaccination "would be cruel and inhuman," the court said:

"We are not to be understood as holding that the statute was intended to be applied to such a case. * * * 'All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression or absurd consequence. It will always, therefore, be *presumed* that the legislature intended *exceptions* to its language which would avoid results of that character. The reason of the law in such cases should prevail over its letter.' United States v. Kirby, 7 Wall. 482; 19 L. Ed. 278. Lau-Ow Bew v. United States, 144 U. S. 47, 58; 36 L. Ed. 340–344; 12 Sup. Ct. Rep. 517." (Italics mine.)

The first conclusion of law, filed by the trial court and adopted by the majority opinion herein, seems to lay stress on the fact that enforcing vaccination by scarification is the adoption of a "uniform" method. I fail to see what uniformity has to do with the matter, unless it, in some way, renders more effective the effort to protect the public health. On the contrary, the apparent uniformity under the doctrine announced by the Supreme Court of the United States, in Jacobson v. Mass, supra, might require the court to presume exceptions to its apparent scope. The board might have rendered vaccination more uniform by requiring that it be upon the left arm, but the law would imply an exception as to boys who were left handed, or as to females, whose mothers preferred that they be vaccinated upon the leg, to avoid a scar upon the arm.

As to the statement in the third conclusion of law that "the public generally, having accepted one method, are disturbed if a few scholastics should attend who have not been vaccinated by the most uniform method," there is nothing in the statement of facts upon which to base such a surmise. I think the people of Lampasas would have generally been content with any method shown to have been efficacious, if the school board had recognized the same.

In my opinion, the law applicable to the facts of this case requires that the judgment of the trial court should be reversed, and that judgment be here rendered in favor of appellant.