## HORACE C. HENRY v. THE STATE.

### No. 7028.   Decided March 12, 1924.

**1.—Certified Public Accountant—Police Power.**

To find sanction, laws placing restrictions upon the exercise of lawful vocations must be referable to some subject within the scope of the police power such as the preservation of public health, safety, morals, or general welfare, nor does the law tolerate any unreasonable interference with the pursuit of a lawful vocation, etc., and the act of the Thirty-Fourth Legislature creating a State Board of Public Accountancy, etc., and authorizing to issue a certificate to the applicant as a certified public accountant of this state is a valid exercise of the police power.

**2.—Same—Rule Stated—Legislative Authority—Constitutional Law.**

Such regulations are not inhibited by the Fourteenth Amendment to the constitution of the United States, and the selection of subjects of such legislation and the means of regulation adopted are primarily subject to legislative decision, and the presumption of validity and reasonableness obtains in a judicial inquiry unless the contrary is made to appear.

**3.—Same—Charge of Court—Advertising as Public Accountant.**

Appellant's criticism of the charge of the court directed against that phase of it which declines to sanction his contention that his act in advertising himself as a certified public accountant was not illegal, inasmuch as he did not state in his advertisement that he was such certified public accountant for the State of Texas, cannot be sustained.

**4.—Same—Evidence—Letters—Signature.**

The receipt of letters written by the appellant upon his stationery containing the words "certified public accountant," with the letters "C. P. A." appended to his signature were properly received in evidence.

**5.—Same—Definition of Act—Public Accountant—Initial Letters.**

The law does not inhibit the appellant or others similarly situated from pursuing the occupation or vocation or a public accountant in the State of Texas, but the act inhibited is that of holding out to the public that he holds a certificate issued in compliance with the statute of the State by using in his advertisements the term "Certified Public Accountant," or the initials "C. P. A."

Appeal from the County Court of El Paso.   Tried below before the Honorable J. M. Deaver.

Appeal from a conviction of unlawfully advertising oneself as a certified public accountant; penalty, a fine of ten dollars.

The opinion states the case.

*C. M. Wilchar* and *E. C. Wade, Jr.,* for appellant.—On question of invalidity of the law: Butchers Union Slaughter House v. Livestock Landing Co., 111 U. S., 746; Ellis County v. Thompson, 95 Texas 32; Holden v. Hardy, 169 U. S., 366; Ex Parte Muckenfuss, 52 Texas Crim. Rep., 467; Zucarro v. State, 197 S. W. Rep., 982.

*Tom Garrard,* Attorney for the State, *Grover C. Morris,* Assistant Attorney, *R. G. Storey,* Assistant Attorney General, and *Weldon, McDonald & Cummings,* for the State.—On question of validity of statute: People of the State of New York v. Marlowe, Appellate Div. Supreme Court of N. Y., and cases cited in opinion.

MORROW, Presiding Judge.—Appellant was charged with unlawfully advertising himself as a certified public accountant.

The appellant was a public accountant, maintaining an office in the City of El Paso, Texas, and advertised himself as such. He justified himself upon the ground that he had received a certificate from the "National Association of Certified Public Accountants, Incorporated, Washington, D. C."

The statute upon which the prosecution is founded is Chap. 122, General Laws of the Thirty-fourth Legislature, p. 184. By that Act, there was created a State Board of Public Accountancy with certain prescribed qualifications and duties, whose members were appointed by the Governor of the State, required to take the oath of office, required to examine applicants for certificates as "Certified Public Accountant," the examinations to embrace the subjects of "Theory of Accounts", "Practical Accounting," "Auditing," and "Commercial Law as Affecting Accountancy," and authorized to issue a certificate to the successful applicants as a "Certified Public Accountant of the State of Texas."

Section 12 of the Act reads thus: "If any person represents himself to the public as having received a certificate as provided for in this Act, or advertises as a 'Certified Public Accountant,' or uses the initials 'C. P. A.,' or otherwise falsely holds himself out as being qualified under this Act, while practicing in this State, without having actually received such certificate, or it has been recalled or revoked, and he shall continue to use the initials 'C. P. A.,' or shall refuse to surrender such certificate after revocation thereof, or shall otherwise violate any provisions of this Act, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined any sum not to exceed $200.00. No audit company, incorporated or unincorporated, shall use the title 'Certified Public Accountants, or the initials 'C. P. A.,' and no firm or partnership shall use this title, or these initials, unless each member of said firm or partnership is a legal holder of a certificate issued under the provisions of this Act, and any violation of these provisions shall be punished by a fine not to exceed the sum of $200.00.

The use by any person, firm or corporation of the abbreviated title 'Certified Accountants,' or of the initials 'C. A.,' shall be construed a violation of this Act, and shall subject such person, firm or corporation to a fine not to exceed the sum of $200.00."

Section 14 reads thus: "Nothing herein contained shall be con strued to prevent any person from being émployed as an accountant in this State in either public or private practice. The purpose of this law is to provide for the examination and the issuance of a certificate, or degree, granting the privilege of the use of the title 'Certified Public Accountant', and the use of the initials 'C. P. A.,' as indicative of the holder's fitness to serve the public as a competent and properly qualified accountant in public practice, and to prevent those who have no such certificate or degree from using such title or initials; provided, however, the use of the initials 'C. P. A.,' or C. A.,' to designate any business other than the practice of accountants or auditors is not prohibited by this Act."

The authority of the State government to place restrictions upon the exercise of lawful vocations is too well settled for controversy. Dent v. West Virginia, 129 U. S. Rep., 114; 32 Law Ed., 623; Rose's Notes on U. S. Rep., Revised Ed., Vol. 14, p. 565; Corpus Juris, Vol. 16, p. 921, Sec. 431, notes; Dowdell v. McBride, 92 Texas Rep., 239; Ex parte McCloskey, 82 Texas Crim. Rep., 531. Limitations upon the power mentioned, however, inhibit its exercise so that it may not be directed against vocations which are mere private means of livelihood, the pursuit of which does not affect the public interest: nor does the law tolerate an unreasonable interference with the pursuit of a lawful vocation, nor the enforcement of laws offending against the provisions of the Federal or the State Constitutions. Corpus Juris, Vol. 12, p. 921, Sec. 431; Ruling Case Law, Vol. 6, p. 219, sec. 212; Matter of Aubrey, American & Eng. Ann. Cas., Vol. 1, p. 927. To find sanction, such a law must be referable to some object within the scope of the police power such as the preservation of public health, safety, morals or general welfare. H. & T. C. R. R. Co. v. Dallas, 98 Texas Rep., 398; Corpus Juris, Vol. 12, pages 425 to 430 inclusive; Ex parte Flake, 67 Texas Crim. Rep., 216. A great variety of occupation have been recognized as proper subjects for regulation under the police power. See Corpus Juris, Vol. 12, p. 924, sec. 432; 129 Amer. St. Rep., pp. 269 to 294. Professions or callings demanding special training have frequently been held within the scope of the police power (Dent v. West Virginia, supra; Douglas v. Noble, 261 U. S. 165); and such regulations are not inhibited by the Fourteenth Amendment to the United States Constitution. The selection of subjects of such legislation and the means of regulation adopted are primarily subject to legislative decision, and the presumption of validity and reasonableness obtains in a judicial inquiry unless the contrary is made to appear. Touching the particular subject of the present inquiry, the question raised by the record cannot be regarded as altogether open. Public Accountant Acts regulating the profession or vacation of public acountants, not

dissimilar from the one under consideration, have been upheld by the Supreme Court of the United States and in several of the states.

In the case of Lehmann v. State Board of Public Accountancy, et al., the Supreme Court of the United States on Dec. 10, 1923, upheld the decision of the Supreme Court of Alabama in its conclusion that the Public Accountant Law of that state was valid. A like law was upheld by the Supreme Court of New York on April 12, 1923, in the case of People v. Marlowe. See also State Ex Rel McCullough, 182 N. C. 865. A similar ruling was made by the Supreme Court of Louisiana on Feb. 26, 1923, in the case of De Verges, 95 So. Rep., (La.) 805. In the case of People v. Marlowe, supra, one of the points made, like in the present case, was that Marlowe held a certificate from the corporation known as the National Association of Certified Public Accountants; that in his advertisements he used the abbreviation "C. P. A., (N. A.)", indicating he was a Certified Public Accountant of the National Association. It was contended that in view of his using the letters "N. A." after the letters "C. P. A." in the advertisement, he did not violate the law. It was also contended that the Act was unconstitutional in that it was not properly within the purview of the police power. Rejecting the latter position, the Supreme Court of New York held that the legislature unquestionably had the power to regulate the highly skilled and technical profession of public accountant in the manner in which it did, and quoted from the Supreme Court of Louisiana, this language:

"It is important to note that the law does not purport to prevent or punish the practicing of accountancy without license or certificate from the board, but only the holding of one's self out to the public as possessing the certificate which it is authorized to issue under the provisions of the act, the practicing as a certified acountant and the using of the abbreviation 'C. P. A.,' or similar letters of designation to deceive the public into believing that the person so acting is a certified acountant under the law, without first undergoing the examination by the State Board of Accountants, as required by said statute and otherwise complying therewith. In other words, any one is at liberty to practice as an accountant, notwithstanding this law, so long as he does not represent himself to be a certified public accountant, as defined thereby, or use the abbreviation 'C. P. A.,' or similar letters or device to indicate that he is a certified public accountant. It is true that neither morals, health, or safety of any one is jeopardized by the practicing of this profession, however incompetent a person may be, but the power of the state in matters of this sort is not confined to professions involving such consequences. It may also act, whenever the general welfare requires to protect the public, in the skilled trades and professions against ignorance, incompetence, and fraud."

No precedents have been furnished contradicting the soundness of the decisions cited, nor is this court aware of any principle of law which would justify overturning the Act of the Legislature in question.

Appellant's criticisms of the charge of the court are directed against that phase of it which declines to sanction his contention that his act in advertising himself as a Certified Public Accountant was not illegal, inasmuch as he did not state in his advertisement that he was such Certified Public Accountant of the *State of Texas.* The objection cannot be sustained.

The receipt of letters written by the appellant upon his stationery containing the words Certified Public Accountant, with the letters "C. P. A.," appended to his signature, were not improperly received in evidence. They were relevant upon the averment in the complaint that he was advertising himself as a Certified Public Accountant in this State. It was conceded that he had taken no steps to comply with the terms of the statute of this State.

Note is to be taken of the fact that the law does not inhibit the appellant or others similarly situated from pursuing the occupation or vocation of a public accountant in the State of Texas, but the act inhibited is that of holding himself out to the public that he holds a certificate issued in compliance with the statute of this State by using in his advertisements the term "Certified Public Accountant" or the initials "C. P. A."

The law is not deemed subject to the attacks addressed against it, nor is there found any fault in the procedure of the trial which warrants a reversal.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 3, 1924.   Reporter.]