## Tags on Bedding and Upholstery

Moss, Deputy Attorney General, March 30, 1932.—You have asked to be advised as to the authority of your department to promulgate the following rule relating to bedding and upholstered articles filled with hair:

"*Effective April 15, 1932:* All manufacturers using hair in the manufacture of articles coming under the provisions of the Pennsylvania Bedding and Upholstery Act of April 14, 1925, shall state on the tags attached to such articles the kind of hair used in the filling. In case of a mixture of two (or more) kinds of hair, the percentages of each kind shall be given. That is, they shall state whether the hair is horse hair (tail or mane), hog hair, cattle tail hair, goat hair, etc., and in the case of mixtures of two (or more) kinds of hair, they shall state the percentages of each, such as: '60 per cent.

horse tail hair, 40 per cent. hog hair, 40 per cent. cattle tail hair, 40 per cent. hog hair, 20 per cent. goat hair.' "

The act with which we are concerned is the Act of June 14, 1923, P. L. 802, as amended by the Act of April 14, 1925, P. L. 237, known as the Bedding and Upholstery Act. It regulates the manufacture, sale and repair of mattresses, pillows, comfortables, cushions and upholstered furniture filled with various specified materials, including hair.

Section six of the act requires each article covered by the act to have displayed thereon a tag with a statement printed thereon "showing the kind of materials used in filling said mattress or article."

Section seven of the act provides that "it shall be unlawful to make any false, untrue, or misleading statement on such tag . . ."

By section nine of the act it is made the duty of your department to "make reasonable rules and regulations for the enforcement of this act."

Rules of the Department of Labor and Industry are subject to the approval of the Industrial Board, which board, by section 2214 (c) of The Administrative Code of April 9, 1929, P. L. 177, is given the power to approve or disapprove such rules and regulations. We assume that the proposed rule has been formulated in the manner prescribed by the code.

Is the rule within the authority of the department to make regulations, and is it reasonable?

The act was designed to prevent manufacturers of upholstered articles from selling to the public articles which were insanitary or which were not what they purported to be. The articles covered by the act include those which are filled with hair, but the act does not designate all the particular types of hair which might be used. It provides that a tag be fastened to the article with a description thereon of the "kinds of materials used" and prohibits the making of any "misleading" statement on such tag.

While it is true that the legislature cannot delegate to an executive officer the power to legislate upon a particular subject, there is nothing to prevent the executive branch from prescribing the details necessary effectually to carry out the legislative mandate.

In Lee v. Marsh, 230 Pa. 351 (1911), the Department of Health had prescribed a form of certificate of vaccination to be used to evidence the vaccination of school children under the Act of June 18, 1895, P. L. 203. The information required in the certificate necessitated the administration of the serum in a certain manner in order to constitute "vaccination" within the meaning of the act. The Supreme Court held that this regulation was not legislation, and, at page 358, said:

". . . all that the department has done in this case, is to regulate the form of the certificate so as to prevent ambiguity, and· to require the certifying physician to use words in the same sense with which they are used in the act."

The proposed rule of your department does not purport to require something additional to that required by the act but merely carries out and makes effective the requirement that the tag shall state the "kind of material used" in such a way that it will not be "misleading." This is certainly reasonable to prevent selling, under the term "hair," articles of an inferior quality which would still come within that term and thereby be misleading.

Therefore, you are advised that your department may promulgate the above rule relating to tags on articles coming within the provisions of the Bedding and Upholstery Act of June 14, 1923, P. L. 802, as amended by the Act of April 14, 1925, P. L. 237.

From C. P. Addams, Harrisburg, Pa.