AUTEN v. SCHOOL BOARD OF LITTLE ROCK.

Opinion delivered July 8, 1907.

1.  EVIDENCE—MATTER OF COMMON KNOWLEDGE.—Courts take judicial knowledge that a great majority of medical writers and practitioners advocate vaccination as an efficient means of preventing the spread of smallpox in cities and thickly settled communities.  (Page 435.)

2. SCHOOL BOARD—REGULATION REQUIRING VACCINATION OF PUPILS.—A regulation of the school board of a city that a pupil, before being admitted to the schools, shall present the certificate of a reputable physician showing that the pupil has been successfully vaccinated or by repeated trials has been shown to be immune from vaccination is not unreasonable where small pox is prevalent in the city and where the school board is acting under the orders of the board of health of the city and under the advice of physicians. (Page 435.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Carmichael, Brooks & Powers,* for appellant.

1. Under the law, appellant was entitled to the privileges of the public free schools. Art. 14 § 1. He could only be excluded by the exercise of a reasonable rule or regulation growing out of an emergency or necessity prescribed by competent authority. No statute in express terms gives to a city power to pass an ordinance for compulsory vaccination of school children; hence, in the absence of the epidemic or an emergency, neither the city council nor the board of health has the right to prescribe or enforce such rules. Kirby's Dig. § § 539, 540, 543, 5525. See also 167 Ill. 67; 39 L. R. A. 152.

2. The Legislature itself could not make the certificate conclusive evidence of the fact as to whether or not appellant had been vaccinated, and, such being the case, a board created by the Legislature could not make it conclusive. 32 Ark. 131; 33 Ark. 820; 3 Enc. of Ev. 292.

3. If the opinion of many eminent physicians and authors are of any weight, then vaccination as a preventive of small pox is not only unnecessary, but is a menace to health and human life. Herbert Spencer, Soc. Stat. 367; Dr. Swinburne Clymer in "Suggestions," 200-1-2. "Vaccine virus is a poison, does not neutralize small pox, but only paralyzes the expansive powers of a good constitution." Dr. John Epps, director of London Jennerian Institute. "Vaccination is not only an illusion, but a curse to humanity," Dr. Stowell, public vaccinator, London.

*W. L. & D. D. Terry,* for appellee; *T. M. Mehaffy* and *De E. Bradshaw,* of counsel.

1. Until the petitioner shows that he has a clear legal right to the subject-matter of his petition, and that he has no other ade-

quate remedy, he is not entitled to the writ of mandamus.   26 Ark. 488.   The certificate was required, not as conclusive evidence that the applicant had been successfully vaccinated, but merely the evidence on which he *would be admitted,* and appellant cannot complain of that.

Petitioner was not entitled to the writ unless the appellees were in default in refusing, when called upon, to perform a plain and specific public duty.   43 Ark. 66; 47 Ark. 85.

2.   (a) Appellant refused to comply with a general regulation for the benefit of all who enter the public schools, which imposed no unreasonable burden upon him.

(b)   It is in proof that small pox was in the city at the time these proceedings were instituted, and that it has existed in the city to a greater or less extent since 1898.   It was the plain duty of the authorities to take all reasonable precautions to secure pupils against danger.   The burden was upon appellant to show facts to justify a non-compliance with the regulation. 49 L. R. A. 588; 25 L. R. A. 154.

(c)   The School Board has the right to adopt reasonable regulations for the benefit of the pupils and general public.   62 Mo. App. 8; 49 S. E. 47; Kirby's Dig. § 7685; 105 N. W. 686.

(d)   The city council had the power to pass the ordinance under which the School Board acted.   Kirby's Dig. § 5461; *Id.* § 5525; 58 L. R. A. 80; 25 L. R. A. 154.

(e)   The board of health had power to adopt the order under which the school board acted.   Cases cited above.

RIDDICK, J.   This is an appeal from a judgment of the circuit court refusing to issue a writ of mandamus to compel the board of directors of the special school district of Little Rock to permit petitioner to enter and attend one of the schools of the district.

The petitioner, who brings this action by his father as his next friend, is a resident of the district, a boy over six years of age, and entitled to the privileges of the public schools of the district upon complying with the regulations of the board of directors of the district.   Among the rules of the board was one that required that a pupil, before being admitted to the schools of the district, should present the certificate of a reputable physician showing that the pupil had been successfully vaccinated

or that by repeated trials he had been shown to be immune from vaccination. This regulation of the school board was made in obedience to an order of the board of health of the city of Little Rock, and also to an ordinance of the city imposing the same duty on those having charge of the schools of the city.

It was shown by the testimony of the city physician that, with the exception of a few summer months, there had been cases of small pox in the city of Little Rock continuously since 1898, that during the year in which petitioner made his application to enter the city schools there were fifty or sixty cases of that disease in the city and several deaths therefrom. This physician and another who testified both stated that vaccination was the best and surest means of preventing the spread of small pox, and that the regulation was reasonable and necessary for the protection of the health of those attending the schools and to prevent the spread of the disease in the city.

It was the duty of the city council and of the board of health of the city, as far as possible, to protect the inhabitants of the city from malignant, contagious and infectious diseases, and the special duty of the school board to guard the pupils of the school against such dangers. When we consider that a number of cases of small pox were already in the city, and that strict precautions were necessary to prevent the spread of the disease, we do not think there can be any ground for the contention that this requirement that pupils should be vaccinated before entering the schools was unreasonable and unnecessary.

The petitioner introduced no evidence to rebut the testimony of the medical experts who showed that this regulation was necessary, but his counsel have quoted from the writings of those who oppose the practice of vaccination to show that it is ineffective and unnecessary. Of course, if we adopted the opinions of those who oppose vaccination, we should conclude that this regulation was not only useless but absolutely dangerous. For, since the time when vaccination first came into general use as a preventive of small pox, there have always been those who opposed it. According to an article in the New International Encyclopedia, when vaccination was first introduced, it was claimed by some that it "caused bovine characteristics to appear in children; that they developed horns, hoofs and tails and bel-

lowed like cattle." The writer of this article concludes by saying that "Less absurd but equally untenable, arguments are presented against vaccination today." This is the language of an advocate of vaccination. On the other hand, as appears from the quotations in the brief of counsel for appellant, there are quite a number of medical men, more or less eminent, who still oppose vaccination and deny its efficacy in preventing small pox. But the number of these, when compared with the great body of medical authorities that indorse vaccination, is so small that they only illustrate the fact that there is hardly a question of medicine, law or religion about which men do not differ. It is a matter of common knowledge, of which the court can take judicial notice, that the great majority of medical writers and practitioners advocate vaccination as a safe and efficient means of protecting cities and thickly settled communities against the scourge of small pox. In re *Viemeister,* 179 N. Y. 235. It is due to this that in some of the thickly settled countries of Europe vaccination is made compulsory on all the inhabitants. While it is not compulsory in the United States, yet the Government recognizes its efficacy by requiring alien immigrants to submit to it before entering the country. And in nearly every large city in the United States regulations are in force such as we have here requiring all pupils to be vaccinated before admission to the public schools. These things show that a large portion of the civilized world regards vaccination with favor. *Jacobson* v. *Massachusetts,* 197 U. S. 11.

It is true that the majority may be mistaken about this, as they have been about other questions, but that cannot alter our decision, for the question of whether the public health justified this regulation was a matter for the school board and the board of health and city authorities to decide. It was a matter left to their discretion. The responsibility and duty of deciding this matter having been placed on them, the courts have no right to interfere and control their discretion unless it is clearly shown that the regulation was unreasonable and unnecessary. But it is clear that this has not been done. To repeat, the facts are that, small pox, a virulent contagious disease, being already in the city, the school board, in order to guard the pupils of the school against it, adopted this regulation. In doing so they

acted under the orders of the board of health of the city, and in accordance with the advice of physicians who are supposed to know what was prudent and necessary under such circumstances, and the courts should not annul their decision. *Duffield* v. *Williamsport School District,* 162 Pa. St. 476; *Abel* v. *Clark,* 84 Cal. 226; *Blue* v. *Beach,* 155 Ind. 121; *Commonwealth* v. *Pear,* 66 N. E. 719; *Hutchins* v. *School Committee of Durham,* 49 S. E. 47; *Kinser* v. *Directors of Independent School District,* 105 N. W. 686; In re *Viemeister,* 179 N. Y. 235; *Jacobson* v. *Massachusetts,* 197 U. S. 11.

But the petitioner in this case had already been vaccinated. He does not complain of that requirement, but of the fact that a certificate of a physician was required to show vaccination. But, if it was reasonable to require vaccination, it was reasonable to require some satisfactory evidence of that fact. As the question of whether a pupil had been successfully vaccinated was one requiring medical knowledge, the board would from the nature of the case have to rely on the judgment of medical experts in deciding it. It would either have to employ a physician to examine each applicant, or require the applicant to go to his own physician for examination and for a certificate. The board did employ a physician to examine those who were unable to pay for the services of a physician, and it was not unreasonable to require others to procure a certificate from a physician selected by them. Especially is this true when we consider that this certificate was only required upon the first entrance of the pupil to the schools. The course in the public schools requires several years to complete, but, as we understand it, this certificate was required of pupils only when first entering the schools. This certainly involved no great hardship.

The contention that the board had no right to make the certificate of a physician conclusive evidence of vaccination is not pertinent for the reason that, if this certificate was made conclusive evidence, it was conclusive in favor of the pupil and not against him. Under the regulation the pupil was not bound by the opinion of any particular physician. He had the whole city or even State to select from; and when he has procured a certificate of a reputable physician, he certainly has no right to

complain that the board made that conclusive evidence in his favor that he had complied with its regulation.

On the whole case, we find no reason to interfere with the action of the school board, and are of the opinion that the writ of mandamus was properly refused.

Judgment affirmed.