ALLEN *v.* INGALLS.

Opinion delivered December 22, 1930.

992

994

*Chas. D. James,* for appellant.

*Festus O. Butt,* for appellee.

KIRBY, J., (after stating the facts). Appellants insist that the State Board of Health exceeded its power in requiring vaccination and prescribing the method thereof, and that the certificate of the physician that the children had been vaccinated was conclusive so far as the school board was concerned.

In *Auten* v. *School Board of Little Rock,* 83 Ark. 431, 104 S. W. 130, it was held that a regulation of the school board of a city requiring pupils before admission to the schools to present the certificate of a reputable physician showing that they had been successfully vaccinated, etc., was not unreasonable where smallpox was prevalent and the school board was acting under the orders of the board of health of the city and the advice of physicians.

In *State* v. *Martin & Lipe,* 134 Ark. 420, 204 S. W. 622, it was held that the State Board of Health was vested with power under §§ 5 and 6 of act No. 96 of 1913 (page 351), §§ 5129, 5130, Crawford & Moses' Digest, to adopt and promulgate rules and regulations for the control and prevention of infectious, contagious, and communicable diseases, necessarily including the disease of smallpox, and to prevent its entry into and spread throughout the State by rules and orders preventing unvaccinated persons from mingling with the other inhabitants of the State, and that the authorization of the boards to make such rules was not a delegation of legislative power.

It was said there: "The necessity for, and reasonableness of, the regulations is one largely within the judgment of the board. Every presumption is indulged in favor of the necessity of the rule, and courts will not interfere with acts of health authorities unless it is apparent that the rule is arbitrary." In the opinion in that case, which also determined the case of *Brazil* v. *State,* 134 Ark. 420, 204 S. W. 622, 625, although the court thought the existing condition in the State at the time the rule was made warranted its adoption during the period of mobilization of Arkansas quota for the A. E. F. in the World War, smallpox being prevalent in the State and soldiers being transported in and out of the State in great numbers, still it was shown by proof, as herein, that no smallpox had been in the schools or neighborhood, and that there was no threatened epidemic of smallpox in the community; nor was it alleged that smallpox was prevalent or threatened in that district, an isolated one.

(1) It is well settled that it is a valid exercise of the police power of the State, the use of which was not restricted by the grant of power to the federal government, to designate local boards of health authorized to require under penalty the vaccination of all citizens when it may be deemed necessary to the public health and safety, such necessity arising when smallpox is present in a community or its appearance may be reasonably apprehended. Note 17 L. R. A. (N. S.) 709; *State* v. *Martin & Lipe, supra.*

Although it is undisputed that there was no smallpox in the city of Eureka Springs, nor in the county at the time the appellant's children were denied the right to attend the public schools, which they were otherwise entitled to do, except for the failure to present a satisfactory certificate of vaccination to the board in accordance with the rules, and the testimony showed that there was no condition existing from which its appearance could be reasonably apprehended, the case is not distinguished from *Brazil* v. *State, supra,* where a like con-

dition was shown to exist and the adoption and promulgation of a like rule was held to be neither unreasonable or unnecessary. Such being the case, appellants insist that the vaccination requirement of the school board was arbitrary, unreasonable, and unnecessary, and applying only to school children, was necessarily discriminatory and void, in effect an unwarranted attempt to regulate the practice of medicine, contrary to the provisions of the statute authorizing the making of health regulations by the State Board.

(2, 3). It is true that the State Board of Health in its regulation No. 84 defines vaccination for smallpox as "the introduction, by scarification, of the bovine vaccine virus through the skin," and that there is no definition of the term in the statute granting power to the board, although there is no doubt but that the Legislature had the power to prescribe such method required to be used by the State Board in protection of the public health, when the necessity arose therefor. The majority is of opinion, in which the Chief Justice and the writer do not concur, that the power to prescribe the method for vaccination against smallpox was necessarily impliedly granted, and the statute granting powers and prescribing the duties of the State Board of Health and that the regulations made by it prescribing the method for vaccination was not arbitrary, but only a reasonable exercise of such power. That the method for vaccination prescribed by the board was but an expression of the meaning of the term in accordance with the common knowledge of mankind, and as understood by the consensus of opinion of the medical profession and practiced by a great majority thereof; the term, itself, meaning the method as defined by the board as effectually as though it had been so defined in the statute. See definition in Webster's Dictionary, Funk & Wagnall's Standard Dictionary; *Lee* v. *Marsh*, 230 Pa. 351, 79 Atl. 564; *Abney* v. *Fox*, (Tex. Civ. App.) 250 S. W. 210.

(4, 5). The majority is also of opinion that the school board did not abuse its discretion in requiring, as

prerequisite to the entry of pupils in the public schools, which they were otherwise entitled to attend, the presentation of "a certificate from a licensed and competent physician of the State that the pupil has been successfully vaccinated" in accordance with Rule No. 147, prescribed by the State Board of Health, and that such school board was not concluded by the certificate of vaccination presented by the pupils from a licensed physician that they had been vaccinated against smallpox, but could nevertheless inquire into the method used in performing the act of vaccination and deny the children the right to enter school, if it had not been done by the method prescribed by the State Board of Health. Neither does the writer agree to this holding of the court.

There being no prejudicial error in the record, the judgment is accordingly affirmed.