The Honorable Fay W. Boozman, III State Senator 2901 Honeysuckle Lane Rogers, Arkansas 72758
Dear Senator Boozman:
This official Attorney General opinion is issued in response to your recent question regarding exemption from immunization. You have described a situation in which an official of the state Department of Health was presented with a letter from a physician who is licensed to practice by the Arkansas State Medical Board, stating that a child "suffered a severe reaction" to earlier immunizations, and stating that "further immunizations would be extremely hazardous and definitely endanger the child's health." The correspondence that is attached to your letter indicates that the Department of Health refused to issue a certificate of exemption from immunization on the basis of this physician's statement, because the statement was too general and did not give information that would sufficiently indicate the particular vaccine to which the child in question might have an adverse reaction. This situation gave rise to your following question:
 Does the state Department of Health have the discretion to refuse to grant a certificate of exemption from immunization even after receiving a licensed physician's statement indicating that immunization would be harmful to the child?
It is my opinion that the state Department of Health does have the discretion to refuse to grant a certificate of exemption from immunization even after receiving a licensed physician's statement indicating that immunization would be harmful to the child, if, in the discretion of the Department of Health, the physician's statement does not provide an adequate basis for an exemption.
The immunization requirements are set forth in A.C.A. § 6-18-702, the pertinent parts of which state:
 (a) No child shall be admitted to a public or private school of this state who has not been immunized from poliomyelitis, diphtheria, tetanus, pertussis, red (rubeola) measles, and rubella as evidenced by a certificate of a licensed physician or a public health department acknowledging the immunization.
* * *
 (c) The State Board of Education, after having consulted with the State Board of Health, shall promulgate appropriate rules and regulations for the enforcement of this section by school boards, superintendents, and principals, and any school official, parent, or guardian violating the regulations shall be subject to the penalties imposed herein.
 (d) If, in the discretion of the health authority having jurisdiction or of any physician licensed to practice by the Arkansas State Medical Board, any person to whom this section applies shall be deemed to have physical disability which may contraindicate vaccination, a certificate to that effect issued by the health officer may be accepted in lieu of a certificate of vaccination, provided that the exemption shall not apply when the disability shall have been removed.
A.C.A. § 6-18-702(a), (c), and (d).
The language of Section (d) above, which addresses the issue of exemption certificates, is somewhat unclear in its designation of who is authorized to issue such certificates. The statute indicates that the certificate of exemption is to be issued by the "health officer," but it does not define "health officer." The question is thus left open as to whether the "health officer" is the "health authority having jurisdiction" (i.e., the state Department of Health), or "any physician licensed to practice by the Arkansas State Medical Board," both of which are referred to previously in the section.
It is my opinion that the "health officer" is the "health authority having jurisdiction" (the state Department of Health). Therefore, in my opinion, the certificate of exemption must be issued by the Department of Health. Accordingly, the Department of Health has the discretion to reject a physician's statement that it finds to be an inadequate basis for the exemption. I base this conclusion on two primary factors: (1) the rules and regulations that have been promulgated by the Board of Education and by the Department of Health; and (2) public policy considerations.
Before discussing those factors, I must distinguish certain aspects of the Arkansas Supreme Court's decision in Heard v. Payne, 281 Ark. 485,665 S.W.2d 865 (1984). In that case, the court addressed the question of whether a school should have accepted the statement of a chiropractor indicating that certain children should not be immunized, rather than requiring the statement of a licensed physician. The court held that the statement of a chiropractor was not acceptable.
Although the court's language in Heard v. Payne appears to indicate that the certificate of exemption can be issued either by the Department of Health or by a licensed physician, see 281 Ark. at 488, I nevertheless find that the case is not dispositive of the question you have raised. First, the issue of who is authorized to issue the certificate as between the Department of Health and licensed physicians was not before the court. Second, the court did not engage in an analysis of the meaning of the phrase "health officer," as used in A.C.A. § 6-18-702(d).[1]
What was really at issue in Heard v. Payne was the question of who is authorized to determine and state that a child should not be immunized, rather than who has authority to issue the certificate of exemption. This conclusion is evident from the court's analysis, which was centered entirely upon the chiropractor/physician distinction, i.e., the fact that chiropractors were not mentioned in the statute, whereas licensed physicians were. The real issue was whose statement should be determinative of the child's condition, not who had authority to issue the certificate. In fact, it is notable that the court mentioned as an aside (with approval) the fact that under the rules and regulations of the Department of Health, the Department has the sole authority to issue the certificate of exemption. The court's mention of this fact in passing indicates that the authority to issue the certificate was not the central issue that it was addressing in the case. Moreover, the fact that the court cited the rule with approval, even though the rule directly contradicts what could be interpreted as an earlier statement by the court that both the Department and licensed physicians can issue the certificate, indicates that the court's decision did not actually touch upon the question of who has authority to issue the certificate. For these reasons, I conclude that Heard v. Payne does not answer your question.
I will therefore proceed to discuss the factors upon which I base my conclusion that the Department of Health has the sole and ultimate authority to issue the certificate of exemption (and therefore has the authority to reject a physician's statement).
The Rules of the Board of Education and Department of Health
My conclusion is based in part upon the rules and regulations regarding exemption from immunization that have been promulgated by the Board of Education and by the Department of Health.
The immunization statute quoted above (A.C.A. § 6-18-702) charges both schools and parents (and guardians) with the responsibility of enforcing its requirements.[2] The statute directs the state Board of Education to promulgate rules and regulations for the enforcement of the immunization requirements by schools and school officials. Pursuant to that directive, the state Board of Education has enacted a set of rules regarding immunization, the pertinent part of which states:
The following exemptions may be made to the Immunization Law:
1. Medical
 A. A certificate issued by the DIRECTOR, ARKANSAS DEPARTMENT OF HEALTH, that the vaccine would be detrimental to the health of the child. Statements from Private Physicians should not be accepted by the school or child care facility without this certificate.
RULES AND REGULATIONS PERTAINING TO IMMUNIZATION REQUIREMENTS PURSUANT TO ACT 244 OF 1967 AND ACT 633 OF 1973, STATE BOARD OF EDUCATION (italics added).
The Department of Health, which is charged with the responsibility of making all rules that are necessary "for the protection of the public health and safety . . . [and] for the suppression and prevention of infectious, contagious, and communicable diseases,"[3] see A.C.A. §20-7-109; see also Acts 1971, No. 38, has enacted a similar rule regarding exemptions from immunization. It states:
 The following exemptions may be made to the Immunization Law [A.C.A. § 6-18-702]:
1. Medical
 A. A certificate issued by the MEDICAL DIRECTOR, DIVISION OF COMMUNICABLE DISEASE/IMMUNIZATION,[4] that the vaccine would be detrimental to the health of the child. Statements from Private Physicians are not to be accepted by the school without this certificate but should be forwarded to the Division of Communicable Disease/Immunization for evaluation.
ADH 4-94 (italics added).
The foregoing rules and regulations of the Board of Education and of the Department of Health appear to have interpreted the term "health officer," as used in A.C.A. § 6-18-702, to refer to the state Department of Health. I find this interpretation to be reasonable in light of the fact that the statute itself does not define the term, coupled with the fact that the statute gives the Board of Education (in consultation with the Department of Health) the authority to establish the parameters of enforcement of the immunization requirements.
The rules and regulations of administrative agencies are generally entitled to a presumption of validity. National Park Medical Center v.Arkansas Dept. of Human Services, 322 Ark. 595, 911 S.W.2d 250 (1995). The courts will give substantial deference to an administrative rule, provided that the rule is not arbitrary and does not contradict the law which it is intended to administer. See Pledger v. C.B. Form Co.,316 Ark. 22, 871 S.W.2d 333 (1994); Allen v. Ingalls, 182 Ark. 991,33 S.W.2d 1099 (1930). In Allen v. Ingalls, supra, the court succinctly described the degree of deference that should be given to administrative rules. It did so in the course of discussing the earlier case of Statev. Martin Lipe, 134 Ark. 420, 204 S.W. 622 (1918), in which the rules of a board of health had been challenged. Upholding the rules, the Martin Lipe court stated: "The necessity for, and reasonableness of, the regulations is one largely within the judgment of the board. Everypresumption is indulged in favor of the necessity of the rule, and courtswill not interfere with acts of health authorities unless it is apparentthat the rule is arbitrary." Allen v. Ingalls, 182 Ark. at 995, quotingState v. Martin Lipe, supra (emphasis added).
Having analyzed the rules and regulations of both the Board of Education and the Department of Health under the above-described standards, I find that they are consistent with the requirements of the immunization statute. Moreover, because of the public policy considerations discussed below, I find that the rules and regulations are not arbitrary.
Public Policy Considerations
My conclusion is also based in part upon public policy considerations. The Arkansas Supreme Court has held that it is appropriate, in interpreting statutory language, to consider the purpose for which the statute was enacted and the goal that it was intended to achieve. See,e.g., Henderson v. Fleet Mtg. Co., 319 Ark. 491, 892 S.W.2d 250 (1995).
The state's power to require immunization is a recognized part of the state's general police power. Seubold v. Fort Smith Special Sch. Dist.,218 Ark. 560, 237 S.W.2d 884 (1951); Allen v. Ingalls, 182 Ark. 991,33 S.W.2d 1099 (1930). Immunization, therefore, is primarily a public concern. Although exemption from immunization is a substantial private concern, its potential public impact places it within the public concern as well. The private element of the exemption from immunization therefore does not remove it from public oversight. For this reason, it is unlikely that the legislature, having created a public requirement, would then have delegated the authority to grant an exemption from that requirement to private parties (i.e., licensed private physicians). Rather, a more reasonable interpretation of the statute is that the legislature intended to authorize private physicians to issue statements regarding particular patients' suitability for immunization, but that it intended that the state (through the Department of Health) have the ultimate authority for issuing an official exemption from immunization.
Because of its statutory public health obligation, the Department of Health is particularly disinclined to issue a certificate of exemption from immunization on the basis of a physician's general statement that does not specify the particular symptoms or give other information that would indicate the specific vaccine that causes the symptoms. The reason for this disinclination is that although it is undisputed that some patients have adverse reactions to particular vaccines, it is also well-established that most patients will not have an adverse reaction to all of the required vaccines. The Department is in a better position to tailor the exemption appropriately if it is given the information that would enable it to target the problem-causing vaccine. Clearly, the Department can more effectively uphold its public health duty by issuing narrowly-tailored exemptions, rather than very general ones that would preclude even non-harmful immunizations.
Conclusion
Therefore, on the basis of these public policy considerations, and on the basis of the rules and regulations that have been promulgated by the Board of Education and the Department of Health, I conclude that the Department of Health has the ultimate authority to issue certificates of exemption from immunization. The Department therefore may reject the statement of a licensed physician regarding a particular patient's condition if, in the Department's discretion, that statement does not provide a sufficient basis for an exemption from immunization.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The statute under consideration in Heard v. Payne was a previous, slightly different version of the current A.C.A. § 6-18-702.
[2] It is notable that the statute appears to place a considerable measure of discretion with the schools, permissively stating that they "may" accept the certificate of exemption. It was argued in Heard v.Payne that the word "may," as used in the statute, really meant "shall." The court did not address the argument.
[3] The Department of Health is given the authority to exercise "general supervision and control of all matters pertaining to the health of the citizens of this state," A.C.A. § 20-7-110; see also Acts 1971, No. 38.
[4] The Division of Communicable Disease/Immunization is a division of the Department of Health.