The Honorable Jerry Allison State Representative 26 CR 744 Jonesboro, Arkansas 72401-9563
Dear Representative Allison:
This official Attorney General opinion is rendered in response to three questions that you have presented regarding a city council's authority to approve certain expenditures:
You have asked:
 (1) Can a city allow its advertising and promotion commission to use the city's advertising and promotion tax for purposes ultimately determined by the commission, with no provision for approval of the expenditures by the city council?
 (2) Can a city propose an ordinance which requires an inspection fee to be charged with the issuance of a building permit for new construction for each separate driveway and for existing driveways?
 (3) Should the inspection cost be set by resolution adopted by the city council upon recommendation from the inspection committee?
Response
Question 1 — Can a city allow its advertising and promotioncommission to use the city's advertising and promotion tax forpurposes ultimately determined by the commission, with noprovision for approval of the expenditures by the city council?
It is my opinion that a city's advertising and promotion commission has the ultimate authority to determine the uses of the advertising and promotion tax, without approval by the city council, provided that the chosen use of the tax is one that is authorized by the provisions of A.C.A. § 26-75-606, which set forth the permissible uses of the advertising and promotion tax.
Although city councils are given the general authority to manage and control the finances and all real and personal property belonging to the city, see A.C.A. § 14-43-502(b)(1), advertising and promotion commissions are given the specific authority to determine the use of the advertising and promotion tax. This specific authority of the advertising and promotion commission is set forth in A.C.A. § 26-75-606, which states: "The commission is the body that determines the use of the city advertising and promotion fund." The statute does not require city council approval. Because this provision is more specific than A.C.A. §14-43-502)b)(1) (regarding the city council's general authority), it must take precedence. The Arkansas courts have consistently held that where two statutes address the same subject, and one of them is more specific, the one that is more specific will govern.See, e.g., Sunbelt Courier v. McCartney, 31 Ark. App. 8,786 S.W.2d 121 (1990), aff'd 303 Ark. 522, 798 S.W.2d 92 (1990);Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797 (1982).
As long as the commission, in exercising the broad discretion that is granted it to determine the use of the tax, chooses a use that is authorized by A.C.A. § 26-75-606, its choice as the body that is given the statutory authority to make the choice, if challenged, will be accorded considerable weight. The Arkansas courts have recognized the general principle that the decisions of administrative bodies are given substantial deference, provided that the decision is not arbitrary and does not contradict the law which it is intended to administer. See Pledger v. C.B. Form Co.,316 Ark. 22, 871 S.W.2d 333 (1994); Allen v. Ingalls, 182 Ark. 991,33 S.W.2d 1099 (1930).
For these reasons, I must conclude that the commission has the authority, under A.C.A. § 26-75-606, to determine the use of the advertising and promotion tax, without city council approval.
Question 2 — Can a city propose an ordinance which requires aninspection fee to be charged with the issuance of a buildingpermit for new construction for each separate driveway and forexisting driveways?
It is my understanding that this question arises out of a situation in which the city's inspection committee determined that improper installation of driveways had caused drainage problems and deterioration of adjoining streets. An ordinance was proposed that would require inspection prior to the issuance of a building permit for new and existing driveways, for the purpose of assuring proper installation and preventing the drainage problems that had caused street deterioration.
As an initial matter, I must note that if the city in question has, by ordinance, adopted a model building code, such as the Standard Building Code, which is one of several nationwide model codes concerning building and construction safety, this question may be governed by the permit and fee provisions of that code, in the form adopted by the city. See, e.g., Arkansas Fire Prevention Code, Volume II. (Volume II of the Arkansas Fire Prevention Code is the Standard Building Code.) Reference should be made to the city's ordinances to determine whether a model code such as the Standard Building Code is in effect there, and the particular form in which it was adopted.
In the event that a city is not governed by an adopted model code, it is my opinion that the city can propose an ordinance which requires an inspection fee to be charged with the issuance of a building permit for the construction of new driveways and for existing driveways.
It is well-established in Arkansas law that municipalities may exercise powers that are necessarily implied for purposes of, or are incident to the authority that has been expressly granted to them by the legislature. They may also exercise the powers that are indispensable to their objects and purposes. See, e.g., Cityof Little Rock v. Raines, 241 Ark. 1071, 411 S.W.2d 486 (1967). Cities have been granted express authority to regulate all matters that affect and concern the municipality, A.C.A. § 14-43-601, including such specific items as streets, drainage, unsanitary conditions, and building and construction. See A.C.A. §§14-54-103; 14-54-104; 14-54-601; 15-54-604; 14-54-901; 14-56-201;14-56-202. In my opinion, the charging of a fee to offset the cost of exercising these expressly granted powers can be classified as being a power that is implied or incident to such powers, and is therefore permissible.
This conclusion is supported by the fact that the Arkansas Supreme Court has explicitly recognized that municipalities can charge fees in connection with the exercise of their police powers. See,e.g., City of North Little Rock v. Graham, 278 Ark. 547,647 S.W.2d 452 (1983).
In addition to the above-discussed derivative authority to charge fees, municipalities have been granted express authority to assess property owners in connection with the expense of maintaining streets and drains. This authority is granted in A.C.A. §14-54-601, which states:
14-54-601. Authority generally.
Municipal corporations shall have power to:
 (1) In regard to streets, alleys, public grounds, wharves, landing places, and marketplaces, lay off, open, widen, straighten, and establish them; improve and keep them in order and repair; and light,
 (2) Open, construct, keep in order, and repair sewers and drains; and
 (3) Enter upon, or take, for such of the above, purposes as may be required, land or material, and to assess and collect a charge on the owners of lots or lands, or on lots or lands through or by which a street, alley, or public highway shall pass, for the purpose of defraying the expenses of constructing, improving, repairing, or lighting the street, alley, or public highway, to be in proportion to the value of the lot or land as assessed for taxation under the general law of the state.
A.C.A. § 14-54-601 (emphasis added).
The above-quoted statute clearly grants municipalities the authority to repair streets and drains and to keep them in order, and to charge adjoining property owners for the purpose of defraying the expense of doing so. In my opinion, the charging of a fee for an inspection that is necessary to the maintenance and repair of streets and drains falls within the authority granted by this statute.
Question 3 — Should the inspection cost be set by resolutionadopted by the city council upon recommendation from theinspection committee?
It is my opinion that if the city is not governed by an adopted model code that pre-sets the amounts of permit fees, the city council should approve the inspection fee. Whether the council does so upon recommendation of the inspection committee is a matter that is governed by city law, rather than by state law.
Inspection committees are bodies created by municipal ordinance, rather than by state law. It therefore follows that state law does not authorize such bodies to levy fees, independently of the city council. The city council, by contrast, is given the "management and control of finances, and of all the real and personal property" belonging to the city. A.C.A. § 14-43-502. Because a city inspection fee is both property belonging to the city and a matter related to city finances, I conclude that the charging of such a fee is within the province of the city council. It is my opinion that the city council cannot delegate this fee-charging authority to the inspection committee, because such a delegation would violate the foregoing provision of state law (i.e., A.C.A. § 14-43-502).[1] Municipalities are prohibited from taking action that is contrary to state law. Ark. Const., art. 12, § 4. See also A.C.A. § 14-43-601.
Moreover, if the fee is levied under the authority of A.C.A. §14-54-601, it must, pursuant to A.C.A. § 14-54-603, be prescribed by special by-law or ordinance, which only the city council is empowered to pass. See A.C.A. § 14-55-203.
I therefore conclude that any inspection fee that is levied by the municipality must be approved by the city council.
Because the inspection committee is a creature of the municipality, the question of whether it must recommend an inspection fee to the city council is a matter that will be governed by municipal ordinance, rather than by state law. I therefore recommend reference to the particular city's ordinances to determine the local requirements with regard to this issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that the state legislature can give such authority to other bodies, as it has with the advertising and promotion commission. See discussion in response to Question 1.