The Honorable Jodie Mahony State Senator 106 W. Main, Suite 406 El Dorado, AR 71730-5693
Dear Senator Mahony:
You have presented the following questions for my opinion:
 (1) Can an advertising and promotion commission market, promote, and advertise a city for economic development purposes under current Arkansas statutes?
 (2) If so, is a city council required to take any action by ordinance or other means to enable them to do this?
 (3) If an advertising and promotion tax is passed by a city council, can the city council designate portions of the revenue received for economic development, marketing, promotion, and advertising?
RESPONSE
Question 1 — Can an advertising and promotion commission market,promote, and advertise a city for economic development purposes undercurrent Arkansas statutes?
It is my opinion that an advertising and promotion commission can do so if it has reasonably determined that such activity will serve the purposes set forth in A.C.A. § 26-75-606(a) and (b), and that this activity will not violate any of the limitations stated in A.C.A. §26-75-606(c).
The provisions of A.C.A. § 26-75-606 outline the permissible uses of the proceeds of a city's advertising and promotion tax. The pertinent part of the statute states:
 (a)(1) All funds credited to the city advertising and promotion fund pursuant to this subchapter shall be used for advertising and promoting the city and its environs or for the construction, reconstruction, extension, equipment, improvement, maintenance, repair, and operation of a convention center or for the operation of tourist promotion facilities in the city, and facilities necessary for, supporting, or otherwise pertaining to, a convention center, or for the payment of the principal of, interest on, and fees and expenses in connection with, bonds as provided in this subchapter in the manner as shall be determined by the city advertising and promotion commission. The city advertising and promotion commission may engage such personnel and agencies and incur such administrative costs that it deems necessary to conduct its business.
 (2) The commission is the body that determines the use of the city advertising and promotion fund. Pursuant to this section, if the commission determines that funding of the arts is necessary for or supporting of its city's advertising and promotion endeavors, it can use its funds derived from the hotel and restaurant tax.
 (b)(1) Any city of the first class which is authorized to levy and does levy a tax pursuant to this subchapter is authorized to use or pledge all, or any part of, the revenues derived from the tax for the purposes prescribed in this subchapter or for the operation of tourist-oriented facilities, including, but not limited to, theme parks and other family entertainment facilities, or for the retirement of bonds issued for the establishment and operation of other tourist-oriented facilities, including, but not limited to, theme parks and other family entertainment facilities. These revenues shall be used or pledged for the purposes authorized in this subsection only upon approval of the city advertising and promotion commission created pursuant to this subchapter.
 (2) Funds credited to the city advertising and promotion fund pursuant to this subchapter may be used, spent, or pledged by the commission, in addition to all other purposes prescribed in this subchapter, on and for the construction, reconstruction, repair, maintenance, improvement, equipping, and operation of public recreation facilities in said city, including but not limited to facilities constituting city parks, and also for the payment of the principal of, interest on, and fees and expenses in connection with, bonds, as provided in this subchapter, in the manner as shall be determined by the city advertising and promotion commission for the purpose of such payment.
A.C.A. § 26-75-606(a)(b).
The statute also articulates certain limitations on the uses of the proceeds of an advertising and promotion tax, as follows:
 (c)(1) All local taxes levied as authorized in § 26-75-602 (a) shall be credited to the city advertising and promotion fund and shall be used for the purposes described in subsections (a) and (b) of this section.
(2) Such taxes shall not be used:
(A) For general capital improvements within the city;
(B) For the costs associated with the general operation of the city; or
 (C) For general subsidy of any civic groups or the chamber of commerce.
 (3) However, the advertising and promotion commission may contract with such groups to provide to the commission actual services that are connected with tourism events or conventions.
 (4) The authorization and limitations contained in this subsection shall be reasonably construed so as to provide funds for promoting and encouraging tourism and conventions while not allowing such special revenues to be utilized for expenditures that are normally paid from general revenues of the city.
A.C.A. § 26-75-606(c).
The question of whether the activity of marketing, promoting, and advertising a city for economic development purposes will serve the purposes set forth in A.C.A. § 26-75-606(a) and (b), and whether this activity does not violate any of the limitations set forth in A.C.A. §26-75-606(c), is a question of fact that can only be determined through a consideration of all the relevant circumstances of the city. The advertising and promotion commission is given the authority to make this determination in the first instance. A.C.A. § 26-75-606(a)(2).
It is my opinion that if the commission can reasonably determine as a factual matter that this activity will serve the permissible purposes of the fund, and that it will not violate the limitations on the uses of the fund, a court will uphold that determination. The Arkansas courts have recognized the general principle that the decisions of administrative bodies are given substantial deference, provided that such decisions are not arbitrary and do not contradict the law which they are intended to administer. See Pledger v. C.B. Form Co., 316 Ark. 22, 871 S.W.2d 333
(1994); Allen v. Ingalls, 182 Ark. 991, 33 S.W.2d 1099 (1930). I believe that a court considering the matter would apply this principle to the city's advertising and promotion commission.
Question 2 — If so, is a city council required to take any action byordinance or other means to enable them to do this?
It is my opinion that the city's advertising and promotion commission can engage in any of its authorized activities without city council approval.
As noted in response to Question 1, the advertising and promotion commission is the body that it given ultimate authority to determine the uses of the advertising and promotion fund. State law does not require city council approval of the commission's determinations. Accord, Ops. Att'y Gen. Nos. 97-259; 96-383; 96-050; 92-064. The commission's specifically-articulated authority over the advertising and promotion fund, arising from A.C.A. § 26-75-606, must override the more general authority of the city council over city finances, granted in A.C.A. §14-43-502(b)(1). The Arkansas courts have consistently held that where two acts address the same subject, and one is more specific than the other, the more specific should govern. See, e.g., Raley v. Wagner,346 Ark. 234, 57 S.W.3d 683 (2001); Ozark Gas Pipeline v. Public Ser. Comm.,342 Ark. 591, 29 S.W.3d 730 (2000); Sunbelt Courier v. McCartney,31 Ark. App. 8, 786 S.W.2d 121 (1990), aff'd 303 Ark. 522, 798 S.W.2d 92
(1990); Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797 (1982).
Accordingly, I must conclude that the advertising and promotion commission does not need city council approval in order to engage in marketing, promoting, and advertising the city for economic development purposes, provided that such purposes have been reasonably and factually determined by the commission to be permissible under A.C.A. § 26-75-606.
Question 3 — If an advertising and promotion tax is passed by a citycouncil, can the city council designate portions of the revenue receivedfor economic development, marketing, promotion, and advertising?
It is my opinion that the city council does not have the authority to designate any use of the advertising and promotion revenues. Although the city council has the authority to initiate the advertising and promotion tax, A.C.A. § 26-75-602, and to appoint the members of the advertising and promotion commission, A.C.A. § 26-75-605, and although the city council can express its preference regarding the use of the advertising and promotion revenues, the advertising and promotion commission must ultimately approve the use of the revenues.
As previously indicated, the advertising and promotion commission has the ultimate authority to determine the use of the proceeds of the city's advertising and promotion tax, provided that such use is consistent with the uses and limitations stated in A.C.A. § 26-75-606. As also indicated, state law does not require that the city council approve the commission's determinations regarding the use of these tax proceeds. For these reasons, I must conclude that although the city council can express its preference concerning the use of the advertising and promotion fund, the commission must give its approval in order for the fund to be used in that manner (and the use must be a permissible one).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General