The Honorable Johnny Key State Representative 1105 Delwood Lane Mountain Home, AR 72653-5601
Dear Representative Key:
I am writing in response to your request for my official opinion on the following questions:
 1. Is a taxpayer required, pursuant to provisions of A.C.A. 26-18-404(c) and (d) or any other applicable statute, to request an extension for filing a protest within the initial 30-day period after service of the Notice of Proposed Assessment in A.C.A. 26-18-404(c) in order to be eligible for the discretionary extension period?
 2. Is the extension solely at the discretion of the Director [of DFA] without regard to any action or inaction by the taxpayer during the initial 30-day period?
RESPONSE
Question 1: Is a taxpayer required, pursuant to provisions of A.C.A.26-18-404(c) and (d) or any other applicable statute, to request anextension for filing a protest within the initial 30-day period afterservice of the Notice of Proposed Assessment in A.C.A. 26-18-404(c) inorder to be eligible for the discretionary extension period?
In my opinion, the answer to your question is, in all likelihood, "yes."
Section 26-18-404 of the Code (Supp. 2003) provides in pertinent part:
 (c) Within thirty (30) days after service of notice of the proposed assessment or denial of a claim for refund, the taxpayer may file with the director a written protest under oath, signed by himself or his authorized agent, setting forth the taxpayer's reasons for opposing the proposed assessment or the denial of a claim for refund.
 (d) The director may, in his discretion, extend the time for filing a protest for any period of time not to exceed an additional ninety-day period.
A statute is construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. Edwards v. State,347 Ark. 364, 64 S.W.3d 706 (2002). Nothing is taken as intended that is not clearly expressed. State ex rel. Sargent v. Lewis, 335 Ark. 188,979 S.W.2d 894 (1998).
Applying these principles, I believe subsection (c) of this statute establishes an initial 30-day period during which a taxpayer may file a written protest or seek an extension. The provision in subsection (d) that the director may "extend" the time for protesting implies that what would otherwise have been the deadline has not yet arrived. Accordingly, I do not believe a taxpayer can seek an extension once the 30-day deadline has passed. Nothing in the statute suggests that the legislature intended to create an automatic 120-day period during which the status of tax assessments would be in limbo.
Question 2: Is the extension solely at the discretion of the Director [ofDFA] without regard to any action or inaction by the taxpayer duringthe initial 30-day period?
As reflected in my response to your first question, I believe the taxpayer must either formally protest or request an extension within 30 days of service of notice of the proposed assessment or denial of a claim for refund. I do not believe the Director has the discretion to grant an extension after this 30-day period has run. I am bolstered in this conclusion by the fact that the Director reportedly reads the statute in the same manner as I. The Arkansas courts have recognized the general principle that the decisions of administrative bodies are given substantial deference, provided that the decision is not arbitrary and does not contradict the law which it is intended to administer. SeePledger v. C.B. Form Co., 316 Ark. 22, 871 S.W.2d 333 (1994); Allen v.Ingalls, 182 Ark. 991, 33 S.W.2d 1099 (1930).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh