The Honorable Daryl Pace State Representative 13470 Saint Andrew Drive Siloam Springs, AR 72761-9610
Dear Representative Pace:
I am writing in response to your request for an opinion on the following:
 The City of Centerton is planning to build a new city park which will have a soccer field, baseball fields, a skate park, tennis and basketball courts, a play ground, a picnic area, and a walking trail. Centerton is paying for a portion of the project with the Arkansas Department of Parks and Tourism is funding the rest with a grant. The planned park meets all of Parks and Tourism's requirements, and, as per Parks and Tourism's recommendation, the city is planning to provide portable toilets as restroom facilities.
 However, the [Department] of Health has notified the City of Centerton that portable toilets are not sufficient and that "hard plumbed" restrooms will be required according to their rules and regulations. Specifically, the [Department] of Health has classified the proposed park as an A-5 facility.
 Under Arkansas Law, the rules and regulations of the [Department] of Health, and any other applicable laws, is a city park required to provide "hard plumbed" restroom facilities? And, if they are, would a city park open to the general public be classified as an A-5 facility which applies to "stadiums, amusement parks, bleachers, and grandstands for outdoor sporting events and activities"? [sic] *Page 2 
RESPONSE
In my opinion, with respect to your first question, the Arkansas Plumbing Code ("APC") requires "hard plumbed" restroom facilities in any construction project that includes "buildings." Whether the park referenced in your request would include "buildings" is a question of fact best determined by the Department of Health. With respect to your second question, in my opinion, again this is a factually specific determination, regarding whether "buildings" are included in the park and what classification the "buildings" would be. That is an issue properly determined by the Department of Health subject to the requirements of the Administrative Procedures Act, A.C.A. § 25-15-201
through-218 (Repl. 2002 Supp. 2005). A court, however, would likely defer to the Department of Health's determination unless it can be shown that the department is "clearly wrong."
Question One: Under Arkansas Law, the rules and regulations of the[Department] of Health, and any other applicable laws, is a city parkrequired to provide "hard plumbed" restroom facilities?
In my opinion, if a city park includes "buildings," the city must comply with the APC provisions regarding hard-plumbed facilities in building the park.
The regulation specifically mentioned in your request, regarding an A-5 occupancy classification and requiring hard plumbed toilet facilities, is in the Arkansas Plumbing Code ("APC"). The scope of the APC is set forth in A.C.A. § 17-38-103 (Supp. 2005), which states in pertinent part:
 [T]he provisions of the state plumbing code or amendments to the code as adopted by the State Board of Health defining plumbing work and prescribing minimum requirements for design, materials, appliances, workmanship, and methods of installation shall have the effect and force of law in the form of minimum standards statewide in application. The provisions shall apply to all types of buildings, private or public, rural or urban, including buildings owned by the state or any political subdivision of the state.
Id. at (a) (emphasis added). Furthermore, the APC states its scope in pertinent part as follows: *Page 3 
 The provisions of this code shall be statewide in application and shall apply to the erection, installation, alteration, repairs, relocation, replacement, addition to, use or maintenance of plumbing systems within this jurisdiction. The installation of natural gas distribution piping and equipment, natural gas-fired water heaters and water-heating venting systems, gas-fired room heaters and floor furnaces shall be regulated in accordance with the Arkansas State Gas Code.
APC § 101.2
The term "buildings" is not defined in the pertinent code sections. "Buildings" are defined, however, in the APC as "any structure occupied or intended for supporting or sheltering any occupancy." APC § 202. "Occupancy" is simply defined as "The purpose for which a building or portion thereof is utilized or occupied." Id.
Section 403.1 of the APC sets forth the minimum plumbing requirements for different occupancy standards. Table 403.1, which lists the different occupancy standards and tabulates the requirements thereof, includes the classification "A-5" as "Stadiums, amusement parks, bleachers and grandstands for outdoor sporting events and activities."Id. The Department of Health has apparently made a determination that this portion of the APC applies to the park referenced in your request.
One of my predecessors accurately described the Arkansas Supreme Court's standards for reviewing administrative rules as follows:
 The rules and regulations of administrative agencies are generally entitled to a presumption of validity. National Park Medical Center v. Arkansas Dept. of Human Services, 322 Ark. 595, 911 S.W.2d 250 (1995). The courts will give substantial deference to an administrative rule, provided that the rule is not arbitrary and does not contradict the law which it is intended to administer. See Pledger v. C.B. Form Co., 316 Ark. 22, 871 S.W.2d 333 (1994); Allen v. Ingalls, 182 Ark. 991, 33 S.W.2d 1099 (1930). In Allen v. Ingalls, supra, the court succinctly described the degree of deference that should be given to administrative rules. It did so in the course of discussing the earlier case of State v. Martin Lipe, *Page 4 134 Ark. 420, 204 S.W. 622 (1918), in which the rules of a board of health had been challenged. Upholding the rules, the Martin Lipe court stated: "The necessity for, and reasonableness of, the regulations is one largely within the judgment of the board. Every presumption is indulged in favor of the necessity of the rule, and courts will not interfere with acts of health authorities unless it is apparent that the rule is arbitrary." Allen v. Ingalls, 182 Ark. at 995, quoting State v. Martin Lipe, supra (emphasis added).
Op. Att'y Gen. 96-356 at 6; see also Parker v. Atlantic ResearchCorp., 87 Ark. App. 145, 155, 189 S.W.3d 449 (2004); and Op. Att'y Gen.2004-168.
In my opinion, the plain and ordinary language of A.C.A. § 17-38-103
unequivocally states that public buildings owned by a political subdivision of the State of Arkansas, such as a municipality, must comply with the APC. While it is a question of fact whether any "buildings" will be included in the park design, your request states that Centerton is planning to include "a soccer field, baseball fields, a skate park, [and] tennis and basketball courts" in the park. If a structure is included to support or be utilized by spectators at any of these parks, it may fall within the definition of a "building" under the APC. As noted above, a court will likely defer to an interpretation proffered by an administrative agency absent a showing or clear error.
Question Two: Would a city park open to the general public be classifiedas an A-5 facility which applies to "stadiums, amusement parks,bleachers, and grandstands for outdoor sporting events andactivities?"
While a "park" itself may not be considered a "building" under the APC, in my opinion it is a question of fact properly decided by the Department of Health in the first instance whether any portion of the park contains "buildings" that are subject to the APC.
The APC applies only to "buildings." As noted above, it is a question of fact whether a city park, such as the Centerton park referenced in your request, would include any "buildings" under the APC. In my opinion, this factually specific determination is properly within the purview of the Department of Health in enforcing its regulations and subject to a review by the courts under the Administrative Procedures Act, A.C.A. § 25-15-201 through-218. As noted above, *Page 5 
however, a court would likely uphold the classification of the park as an A-5 occupancy under the APC by the Department of Health unless it could be demonstrated that the classification and enforcement was arbitrary or contrary to state law.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General